BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
TRAVIS M. MASTRODDI
DAVID R. HOCK*

COHEN, WEISS AND SIMON LLP
COUNSELLORS AT LAW
330 WEST 42ND STREET
NEW YORK, N.Y. 10036-6976

(212) 563-4100

WRITER'S DIRECT INFORMATION:

PHONE: 212-356-0220
FAX: 646-473-8220
E-MAIL: DHOCK@CWSNY.COM

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

RICHARD C. HARMON
SENIOR ATTORNEY

CLAIRE TUCK*
MARCELLE J. HENRY
EVAN HUDSON-PLUSH*
MICHAEL S. ADLER*
JOSHUA ELLISON*
ZACHARY N. LEEDS*
TZVI MACKSON
NOELIA E. HURTADO
DANYA AHMED*
KATE M. SWEARENGEN*

* ALSO ADMITTED IN NJ

March 26, 2013

By Electronic Case Filing

The Honorable John Gleeson
United States District Judge
United States District Court for the Eastern
District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Gesualdi v. Metro Foundation Contractors, Inc.
       Civil Action No. 09-CV-5660 (JG) (RML)

Dear Judge Gleeson:

This firm is counsel to the Trustees of the Local 282 Trust Funds (the "Trustees"), plaintiffs in the above-referenced matter. We write in response to Your Honor's Order dated March 22, 2013, indicating that Your Honor intends to close the case. Subject to the Trustees' limited right to re-open the case, the details of which we set forth below, the Trustees request that the Court enter the relief granted in the Order dated October 22, 2010 and entered on October 25, 2010 [Docket No. 12] (the "October 2010 Order") as the final judgment. A proposed judgment and a copy of the October 2010 Order are enclosed.

This is an action filed by the fiduciaries of employee benefit plans to compel Metro Foundation Contractors, Inc. ("Metro") to submit its books and records to an audit and to compel payment of any unpaid contributions pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132 and 1145. After this case was filed in December 2009, Metro failed to answer the Complaint, and the Trustees moved for default judgment in August 2010, seeking an order compelling Metro to submit its books and records for audit and for damages in the event it failed to do so. The Honorable Raymond J. Dearie granted the motion in part, directing Metro to submit its books and records for audit within 30 days, but delaying any determination of damages. *See* October 2010 Order.

COHEN, WEISS AND SIMON LLP

The Honorable John Gleeson
March 26, 2013
Page 2

Between November 2010 and April 2011, Metro represented to the Court on a number of occasions that it would submit to an audit, but failed and refused to do so. Additionally, Metro failed to appear at a deposition in December 2010. Eventually, the Trustees moved for sanctions in this case and a related case against Metro, Civil Action No. 09-2058 (the "Related Action"). Your Honor granted this motion in part in September 2011, precluding Metro from offering any evidence in this action.

In the Related Action, Your Honor granted the Trustees' motion for default judgment in the amount of $52,287.25 for contributions due in 2008 and 2009, calculating the contributions due based upon an estimating procedure incorporated into Metro's collective bargaining agreement. The estimating provision applies both to collection matters when an employer does not submit remittance reports as well as when an employer submits such reports but fails to submit to an audit.

Since this action seeks an audit for the same time period as the judgment for the periods when Metro failed to submit remittance reports in the Related Action, unless the Trustees are able to obtain Metro's books and records, the damages the Trustees would seek would be the same as the estimated amounts already reduced to judgment.

Thus, the Trustees have sought to obtain Metro's books and records, but have been unsuccessful. Attempts in October through December 2011 to contact Metro's counsel Mr. Wright regarding how to proceed in these cases never received a substantive response. Throughout the spring and summer of 2012, the Trustees made multiple efforts to serve Anthony Lazarra with a subpoena in his individual capacity, as the Trustees already had an unpaid judgment against Metro and it appeared the only way the Trustees could obtain Metro's books and records was to obtain jurisdiction over Mr. Lazarra in his personal capacity. The Trustees, however, we unable to serve Mr. Lazarra and the investigator tried the addresses the Trustees had for Mr. Lazarra, found his home was padlocked and empty. Inquiries to Mr. Lazarra's neighbors indicated that Mr. Lazarra had either moved out of state or been incarcerated.

Without a valid address for Mr. Lazarra, the Trustees conducted public records search in the fall of 2012 and identified another attorney who represented Metro in another lawsuit. When we were unable to contact that attorney informally, we issued a subpoena seeking to obtain information regarding Mr. Lazarra's contact information from the address on Metro's pleadings. The process server who attempted to serve this attorney, advised us that the lawyer no longer had an office at the address he listed on the filings with the Second Circuit. A search of the attorney registration site for New York did not yield a new address.

The New York Secretary of State lists Metro's corporate status as dissolved by proclamation as of January 2012. Public records searches show that Metro has a number of other judgments entered against it. At this time, the Trustees are still trying to locate an address for

COHEN, WEISS AND SIMON LLP

The Honorable John Gleeson
March 26, 2013
Page 3


Mr. Lazarra so that a subpoena can be served on him individually to obtain jurisdiction of him in the event that he cannot produce Metro's books and records.

    Since the Court has already granted the Trustees the injunctive relief directing Metro to submit to an audit and the Trustees have a judgment for the relevant time periods, the Trustees that the injunctive relief granted in the October 2010 Order be entered as the final judgment, subject to the Trustees' being able to re-open the case to apply for additional damages in the event that they are able to obtain Metro's books and records.

                                         Respectfully submitted,

                                         David R. Hock


cc:    Sean Wright (by ECF and mail)



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GESUALDI LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, MARK HERBST, THOMAS
PIALI and DENISE RICHARDSON, as Trustees
and Fiduciaries of the Local 282 Welfare, Pension,
Annuity, JobTraining and Vacation Sick Leave
Trust Funds,

**ORDER**

09 CV 5660 (RJD)(RML)

Plaintiffs,

- against -

METRO FOUNDATION CONTRACTORS, INC.,

Defendant.
----------------------------------------------------------------X

DEARIE, Chief Judge.

Plaintiffs commenced this ERISA action to compel defendant to produce books and records for audit. The complaint also seeks payment of any contributions revealed to be owing, and related damages. Dkt. 1. Defendant was served on or about January 20, 2010. Dkt. 3. On July 27, 2010, the Clerk noted defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. 7. Plaintiffs now seek a judgment of default pursuant to Rule 55(b); their papers, albeit lacking a notice of motion, include supporting affidavits and accompanying exhibits of considerable length. Dkt. 8-9. By letter dated August 25, 2010, defendant, unrepresented, has advised the Court that it "intend[s] to hire an attorney to defend this motion and this action" but that the attorney "is on criminal trial out of state and will not be available until the latter portion of October." Defendant's letter further states that "even in the event of a

'default,' [the company] objects to the proposed judgment as it attempts to fix the amount of damages without an evidentiary hearing," and that defendant "does not waive [its] right to an evidentiary hearing on the issue of damages."

## LEGAL STANDARDS

"The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Shah v. New York State Dep't of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999). Ordinarily, however, the Court "accepts as true all *well pleaded* allegations against a defaulting defendant for purposes of determining liability," Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009) (emphasis added).

With respect to damages, however, the Court cannot rely merely on the allegations in the complaint. See, e.g., Credit Lyonnais Securities (USA) Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true"). The district court "must instead conduct an *inquiry* in order to ascertain the amount of damages *with reasonable certainty*." Id. (emphasis added). The Circuit has also made clear that "inquiry" is not necessarily synonymous with "hearing." See, e.g., Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[under Rule 55(b)(2)] it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"). At a minimum, this means that the district court "could not just accept [a plaintiff's] statement of the damages." Transatlantic Marine Claims Agency, Inc. v. Ace

2

Shipping, 109 F.32d 105, 111 (2d Cir. 1997). What is required is bona fide closer look:

> If the district court finds . . .both that it has jurisdiction over the [defaulting] defendants and that judgement should be entered against them, it nevertheless must determine the appropriate amount of damages, which involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule. Depending on the state of the record on remand, the latter task may require a hearing.

Id.

Even when "[p]laintiff[s] contend[] that no further inquiry was required because the amount defendants owe is 'readily ascertainable through simple arithmetic,'" the Circuit has "reject[ed] plaintiff[s'] argument because it assumes both the appropriateness of its theory or rule for calculating damages and the correctness of the figures upon which the calculations were made." Id.

## DISCUSSION

The Court is mindful of the clear preference in this Circuit for reaching judgements on the merits and not by way of default judgments, e.g. Shah, 168 F.3d at 615, and of the fact that defendant has made some expression of an intent to defend. On the other hand, the letter conveying that intent does not suggest what grounds defendant might seek to advance, offers no explanation for why defendant ignored the summons served seven months earlier and was only now responding to the default papers, and thereby does nothing to diminish the persuasiveness of plaintiff's comprehensive motion papers, which plainly support their core ERISA claim.

The Court concludes that the strong public interest in enforcing ERISA's protections, coupled with the divisible nature of the relief that plaintiff seeks (i.e., the production of books for an audit, and then the collection of any delinquencies revealed through that audit), dictate the just

3

resolution of the competing considerations this matter presents and therefore orders that defendant participate in the audit that plaintiffs request. Plaintiff's requests for relief based on what that audit reveals are not yet ripe for adjudication.

## CONCLUSION

Plaintiffs' motion for default is granted only on the portion of their first cause of action that seeks an order directing defendant to present its books and records for the period March 6, 2008 through the present to plaintiffs' auditors for examination. Defendant shall do so within thirty days of the date of this Order. Plaintiffs' motion for default with respect to the other relief sought in the complaint is premature and so denied without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       October 22, 2010

　　　　　　　　　　　　　　　　　　　　RAYMOND J. DEARIE
　　　　　　　　　　　　　　　　　　　　United States District Judge

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, MARCH HERBST,
THOMAS PIALI AND DENISE RICHARDSON,
as Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

                          Plaintiffs,
  - against -

METRO FOUNDATION CONTRACTORS INC.,

                          Defendant.
-------------------------------------------------------------------- x

Civil Action No.:
09-CV-05660 (JG)(RML)

## JUDGMENT AND ORDER

This action having been commenced on December 28, 2009 by the filing of the Complaint and issuance of a Summons, and a copy of the Summons and Complaint having been served upon defendant Metro Foundation Contractors Inc. ("Metro") pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; said defendant not having answered the complaint; the time for answering the complaint having expired; Plaintiffs having moved for entry of default judgment on August 6, 2010, and the Court having granted the motion, in part, on October 25, 2010 directing Metro to produce its records for the period March 6, 2008 through the present to Plaintiffs' auditors for examinations and Metro having failed to comply with said order; it is:

ORDERED, ADJUDGED AND DECREED that Metro shall submit to an audit by providing Plaintiffs with all of the books and records required by the Restated Agreement and Declaration of Trust of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund (the "Trust Agreement") for the for the period of March 6, 2008 to

1

through October 25, 2010 within thirty (30) days of the entry of this Order, and pay any delinquencies identified by the audit, together with the cost of the audit, interest, liquidated damages and any other costs incurred by Plaintiffs in obtaining payment of the delinquency within twenty (20) days of demand;

IT IS FURTHER ORDERED THAT the Clerk of Court is directed to close this case;

IT IS FURTHER ORDERED THAT if Plaintiffs are able to conduct an audit of Metro and Metro fails to pay any delinquencies identified by the audit, together with the cost of the audit, interest, and liquidated damages within 30 days of a written demand to Metro, Plaintiffs may reopen this case and file a motion seeking an award of damages as set forth in Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

SO ORDERED.

Dated: _____
       Brooklyn, New York

                                               _____
                                               John Gleeson, U.S.D.J.